IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **KATHY KREBS** § | | |
| Plaintiff, § | | |
| § | **CAUSE NO. 3:18-CV-67** | |
| v. § | | |
| § | | |
| **U.S. SECURITY ASSOCIATES, INC.** § | | |
| Defendants. § | | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C §§ 1332, 1441, Defendant U.S. Security Associates, Inc. hereby removes the above captioned-action from the 23rd Judicial District Court of Brazoria County, Texas, to the United States District Court for the Southern District of Texas, Galveston Division. As grounds for this removal, Defendant states as follows:

1. Plaintiff alleges that she sustained personal injuries while operating a motor vehicle and attempting to enter the Dow Chemical Company facility located in Freeport, Texas. At the time of the incident the Plaintiff was a contractor at the Dow facility. Defendant U.S. Security Associates, Inc. (herein after "Defendant") provides security services at the Dow facility.

2. In order to enter the Dow facility the Plaintiff was required to pass through a security checkpoint/entrance which is manned by employees of the Defendant. This entrance is equipped with a GRAB Gate (Ground Retractable Automobile Barrier) which is designed to prevent vehicles from passing through the security checkpoint. The GRAB Gate is lowered into the surface of the road in order to allow vehicles to pass. The GRAB Gate is operated by employees of the Defendant.

3. Plaintiff alleges that on the morning of the incident that the security guard on duty was negligent in the operation of the GRAB Gate causing the Plaintiff's vehicle to collide with the gate. Plaintiff brings causes of action for negligence against the Defendant.

4. As more fully stated below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441, because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

### I.    Defendant Has Satisfied the Procedural Requirements for Removal

5. Plaintiff Kathy Krebs, a resident citizen of the State of Texas, filed her Petition in the 23rd Judicial District Court of Brazoria County, Texas on February 5, 2018.

6. Plaintiff claims that she sustained personal injuries due to the alleged negligent actions of an employee of the Defendant. (Petition paragraphs 11, 12). Plaintiff further alleges that she is entitled to damages for past and future medical expenses, pain and suffering, physical impairment, loss of earnings and mental anguish. (Petition paragraph 13).

7. Defendant was served with Plaintiff's lawsuit on February 9, 2018.

8. Removal, therefore, is timely because it is filed with the Court within 30 days after Defendant received a Summons and copy of the Petition, which is the initial pleadings setting forth the claim for relief upon which this action is based. *See* 28 U.S.C. § 1446.

9. Pursuant to 28 U.S.C. § 1446(a), the United States District Court for the Southern District of Texas, Galveston Division is the proper district and division to file this removal, based on where the state court action was filed. *See* 28 U.S.C. § 104(b)(2).

10. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on or by Defendant are attached.

11. Pursuant to 28 U.S.C. § 1446(d), Defendant will file a copy of this Notice of Removal with the Brazoria County District Clerk, Brazoria County, Texas, and will serve a copy of the same upon counsel for Plaintiff.

## II. The Court has Diversity Jurisdiction Over This Matter Pursuant to 28 U.S.C. §§ 1332 and 1441.

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441, because this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

### A. The Amount in Controversy is Satisfied.

13. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper on the basis of an amount in controversy if the court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interests and cost.[1]

14. It is facially evident from the Plaintiff's Petition that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. *See White v. FCI USA, Inc.,* 319 F.3d 672, 675 (5th Cir. 2003) (quoting *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (upholding removal based on a complaint seeking recovery in tort for "alleged damages for property, travel expenses, an emergency

---

[1] The preponderance of the evidence standard was reaffirmed in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16.

ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after hospitalization").

15. Plaintiff's Petition plainly states that "Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000." Plaintiff's petition states that she suffered "severe personal injuries" due to the GRAB gate rising "violently from the roadway below the Plaintiff's car." Plaintiff's petition states that she seeks damages for past and future medical expenses, past and future physical impairment, and past and future lost wages/earning capacity.

16. Although Defendant denies any liability to Plaintiff, these allegations of damages clearly place more than $75,000.00, exclusive of interest and costs, in controversy. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (holding that it was "facially apparent" that the amount in controversy was met from allegations of injuries to wrist, knee, patella and upper and lower back, seeking recovery for medical expenses, pain and suffering, mental anguish, and lost wages and earning capacity, as well as permanent disability and disfigurement). As such, it is facially apparent by a preponderance of the evidence that the amount in controversy in this action exceeds the jurisdictional minimum of $75,000.00.

**B. Complete Diversity of Citizenship Exists Between the Parties**

17. Plaintiff is a resident citizen of the State of Texas. (Petition paragraph 2).

18. For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant U.S. Security Associates, Inc. is a citizen of the State of Delaware and the State of Georgia because it is a Delaware corporation with its principal place of business in Roswell, Georgia.

19. Accordingly, there is complete diversity of citizenship between the Plaintiff and Defendant.

WHEREFORE, Defendant respectfully removes this action from the 23rd Judicial District Court of Brazoria County, Texas to this Court pursuant to 28 U.S.C. § 1441.

This the 9th day of March, 2018.

> Respectfully submitted,
>
> **GORDON REES SCULLY MANSUKHANI, LLP**
>
> By: */s/ Jeffrey R. Lilly*
>     Jeffrey R. Lilly
>     Southern District ID No. 25873
>     State Bar No. 00787905
>     jlilly@grsm.com
>
> 816 Congress Avenue, Suite 1510
> Austin, Texas 78701
> (512) 582-6487 (Telephone)
> (512) 391-0183 (Facsimile)
>
> *Attorney in Charge*

**OF COUNSEL:**

Jared L. Byrd
Southern District ID No. 1495933
State Bar No. 24078295
jbyrd@grsm.com
**GORDON REES SCULLY MANSUKHANI, LLP**
816 Congress Avenue, Suite 1510
Austin, Texas 78701
(512) 582-6473 (Telephone)
(512) 391-0183 (Facsimile)

                                      **ATTORNEYS FOR DEFENDANT**
                                      **U.S. SECURITY ASSOCIATES, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that, on March 9, 2018, a true and correct copy of the foregoing document was served upon the following via the Court's electronic notification system, electronic mail, and U.S. Mail, postage prepaid:

**Via E-Service and U.S. Mail**

Eric T. Furey
Gilbert & Furey
7 West Way Court, Suite A
Lake Jackson, TX 77566
979-297-1222
efurey@gilbetfurey.com

**ATTORNEYS FOR PLAINTIFF**

                                                    /s/  *Jeffrey R. Lilly*
                                                    Jeffrey R. Lilly